IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JONI E. DARLING, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JANE DOE #1, *et al.,* ) <br> ) <br> Defendants. ) <br> ) | Case No. 10-1283-CM-KGG |

**ORDER ON MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Joni E. Darling filed her Complaint against Defendant on August 23, 2010, alleging Constitutional violations relating to her detainment after arrest for suspicion of drunk driving.  (Doc. 1.)  In conjunction therewith, she also filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3), including an Affidavit of Financial Status.  (Doc. 3-1 sealed.)  The Court granted that motion, finding that Plaintiff's access to the Courts would otherwise be seriously impaired given her current financial situation.  (Doc. 5.)  Currently pending is Plaintiff's Motion for Appointment of Counsel (Doc. 6), which the Court hereby **DENIES** for the reasons set forth below.

The Tenth Circuit has identified four factors to be considered when a court is

deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

The Court is satisfied that Plaintiff diligently searched for counsel. (*See* Doc. 6.) Further, the Court has determined that she has a limited ability to afford counsel. (*See* Doc. 5.) The Court sees no glaring concerns on the face of Plaintiff's federal court Complaint. (Doc. 1.) As such, the analysis will turn on the final *Castner* factor – Plaintiff's capacity to represent herself. 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case, alleging violations of

Plaintiff's Constitutional rights, are not unusually complex.  *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day.  To the contrary, Plaintiff has shown her ability to represent herself by drafting a very detailed federal court Complaint, which set out the operative facts to support her claims.  (*See generally*, Doc. 1.)  Further, although Plaintiff is not trained as an attorney, and while an attorney might present her case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to her case.  As such, her Motion to Appoint Counsel is **DENIED without prejudice** to renewal later in these proceedings should Plaintiff provide the Court with a sufficient showing of special circumstances that would warrant the appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **DENIED**, **without prejudice**, as discussed above.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 29th day of December, 2010.

                                                  s/Kenneth G. Gale
                                                KENNETH G. GALE
                                                United States Magistrate Judge