IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JONI DARLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No.  10-1283-CM |
| JANE DOE #1, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this civil rights action *pro se* and *in forma pauperis* on August 23, 2010.  She filed four returns of summons on December 28, 2010.  On November 8, 2011, plaintiff filed a Motion for Default Judgment and for a Hearing to Determine the Amount (Doc. 19).  That same day, she filed an Application for Entry of Default and Supporting Affidavit (Doc. 18) (although the application for default was actually docketed the following day).  In both motions, plaintiff seeks relief against Sedgwick County—not the Jane Doe defendants against whom she brought this action.  Sedgwick County is not a party to this action.  Despite its status as a non-party, however, Sedgwick County responded to plaintiff's application for default and motion for default judgment.

The court finds no basis for entering default judgment against Sedgwick County.  The County is not a named party; has not been served; had no obligation to respond to discovery; and is not a proper party in any instance.  Under Kan. Stat. Ann. § 19-105, the Board of County Commissioners, not the County itself, would be the proper party (if plaintiff had named Sedgwick County as a party at all).  Plaintiff's motion for default judgment is denied.  The Clerk of the Court had and has no obligation to enter default against Sedgwick County, as the County is not "a party against whom a judgment for affirmative relief is sought."  Fed. R. Civ. P. 55(a).

In reviewing plaintiff's complaint, the court believes that it may be subject to dismissal for failure to comply with the statute of limitations. As mentioned above, plaintiff proceeds *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss sua sponte an *in forma pauperis* action as failing to state a claim upon which relief may be granted. *Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii). Such dismissal is warranted where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and that amendment would be futile. *Id.* at 1173 (citations and quotations omitted).

Plaintiff's claims are § 1983 claims for cruel and unusual punishment. Plaintiff claims that defendants, unknown law enforcement officers employed by the Sedgwick County Sheriff's Office, placed her in a jail cell where she was attacked by other detainees. She claims that one of the officers then placed her in a urinal area of the jail, and two other officers denied her breathalyzer and urinalyses tests that she requested. Plaintiff alleges that all of the Jane Doe defendants' actions constituted cruel and unusual punishment.

Plaintiff alleges that the incidents occurred during August 22, 2008 and August 23, 2008. She filed this case on August 23, 2010. A plaintiff must file a § 1983 action within the limitation period for a personal injury action in the state in which the action arose. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994). In Kansas, this limitation period is two years. Kan. Stat. Ann. § 60-513(a).

The problem with plaintiff's case is the fact that she brought her claims either precisely two years or two-years-and-a-day after the incidents, depending on the timing of the complained-of conduct. But she brought her claims against Jane Doe defendants, leaving herself no time to determine the names of the proper parties. In the Tenth Circuit, if a complaint is timely filed against John or Jane Doe defendants, it ordinarily may not be amended after the applicable statute of

-2-

limitations has run to change the name of the defendants. *See Garrett v. Fleming*, 362 F.3d 692, 696–97 (10th Cir. 2004). Any such attempted amendment will not relate back to the original filing under Fed. R. Civ. P. 15(c)(3), and that particular "relation back" provision will not save the claim. *Id.*; *see also Tapia-Ortiz v. Doe*, 171 F.3d 150, 151–52 (2d Cir. 1999) ("Although [plaintiff] filed his complaint naming the defendant officers as 'John Does' within the . . . statute of limitations period, '[i]t is familiar law that "John Doe" pleadings cannot be used to circumvent statutes of limitations because replacing a "John Doe" with a named party in effect constitutes a change in the party sued.' And even when a suit is brought by pro se litigant, 'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.' [Plaintiff's] failure until two years after the expiration of the statute of limitations period to name specifically in his complaint the officers who allegedly violated his rights is therefore fatal to his . . . claim.") (internal citations omitted).

The court therefore orders plaintiff to show cause why this case should not be dismissed for failure to name the proper parties to the action before the statute of limitations ran on plaintiff's claims. Plaintiff must show cause on or before January 13, 2012, or the court will likely dismiss her complaint without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Default Judgment and for a Hearing to Determine the Amount (Doc. 19) is denied.

**IT IS FURTHER ORDERED** that plaintiff must show cause on or before January 13, 2012 why the court should not dismiss the case as barred by the statute of limitations.

Dated this 19th day of December 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**